IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALEX ZAPATA,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

Case No. 22-2424-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's Motion for Attorney's Fees and Costs (Doc. 77) and the parties' Joint Motion to Alter or Amend Judgment (Doc. 81). On April 4, 2024, a jury issued a verdict in favor of plaintiff, resolving the parties' dispute over the "causation and the nature and extent of damages" plaintiff suffered from an October 2020 vehicle collision. Doc. 75. The Clerk of the Court entered a $132,950.59 Judgment for plaintiff consistent with the jury's verdict. Doc. 76. The parties now seek to amend that Judgment. Doc. 81. And plaintiff seeks attorney's fees and costs. Doc. 77. The court grants both motions for reasons explained, below.

**I. Plaintiff's Motion for Attorney's Fees and Costs**

Plaintiff seeks $95,395.00 in attorney's fees and $2,411.07 in costs under Fed. R. Civ. P. 54(d)(2) and Kan. Stat. Ann. § 49-908. Doc. 77 at 1–2. He also filed a Bill of Costs (Doc. 78) and a Brief in Support of Bill of Costs (Doc. 79). The parties have stipulated to this amount (Doc. 80). The court thus grants plaintiff's Motion for Attorney's Fees and Costs.

II.     **Joint Motion to Alter or Amend Judgment**

The parties jointly ask the court to amend its Judgment from $132,950.59 to $73,450.59 under Fed. R. Civ. P. 59(e).  Doc. 81.  Under Rule 59(e), parties must file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  "A court may not extend this deadline." *Sky Harbor Air Serv., Inc. v. Reams*, 491 F. App'x 875, 890 (10th Cir. 2012) (citing Fed. R. Civ. P. 6(b)(2)).  The Clerk of the Court entered judgment on April 5, 2024.  Doc. 76.  And the parties filed their motion on May 6, 2024—31 days later.  Doc. 81.  The parties thus missed Rule 59(e)'s 28-day window.  The court thus converts the motion into one invoking Rule 60(b).  *Sky Harbor*, 491 F. App'x at 892 ("If a party files a Rule 59(e) motion beyond the rule's time limit, a court may construe the motion as falling under Rule 60(b).").

Rule 60 provides that parties may seek relief from final judgment for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The Tenth Circuit has "described Rule 60(b)(6) as a grand reservoir of equitable power to do justice in a particular case." *Johnson v. Spencer*, 950 F.3d 680, 700–01 (10th Cir. 2020) (citation and internal quotation marks omitted).  And while "relief under Rule

60(b)(6) is extraordinary and reserved for exceptional circumstances," "the rule should be liberally construed when substantial justice will thus be served[.]" *Id.* (citations and internal quotation marks omitted). Rule 60(b)(6) motions don't have the same time constraints as a Rule 59(e) motion. A party must move for relief under Rule 60(b)(6) "within a reasonable time[.]" Fed. R. Civ. P. 60(c)(1).

The court exercises its discretion and concludes that the Joint Motion to Alter or Amend Judgment (Doc. 81) satisfies Rule 60(b)(6)'s "any other reason that justifies relief." The parties filed the motion in a reasonable amount of time—31 days after the court entered judgment, just missing the Rule 59(e) deadline. And both parties agree to amending the Judgment to reflect various insurance payments plaintiff has received and may receive in the future. Doc. 81 at 1. The court sees no good reason to stand in the way of their agreement. The court thus grants the Joint Motion to Alter or Amend Judgment (Doc. 81).

**III.     Conclusion**

The court grants plaintiff's Motion for Attorney's Fees and Costs (Doc. 77). *First*, the court converts the parties' Joint Motion to Alter or Amend Judgment (Doc. 81) to a Rule 60(b) motion. *Second*, the court grants the Rule 60(b) motion and amends the Judgment from $132,950.59 to $73,450.59 in damages, plus $95,395.00 in attorney's fees and $2,411.07 in costs.

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion for Attorney's Fees and Costs (Doc. 77) is granted.

**IT IS FURTHER ORDERED THAT** the parties' Joint Motion to Alter or Amend Judgment (Doc. 81) is granted. The court directs the Clerk of the Court to amend the Judgment (Doc. 76), replacing $132,950.59 with $73,450.59. The court also directs the Clerk of the Court

to amend the Judgment to award plaintiff's counsel $95,395.00 in attorney's fees and $2,411.07 in costs.

**IT IS SO ORDERED.**

**Dated this 6th day of June, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**